LIQUIDATION OF DADE COUNTY SECURITY COMPANY.

153 So. 505.
Division B.
Opinion Filed October 26, 1933.
Rehearing Denied December 5, 1933.

*Robert H. Anderson* and *Twyman & McCarthy,* for Dade County Security Company;

*Cary D. Landis,* Attorney General, and *Robert J. Pleus,* Assistant Attorney General, *John B. Stokes, Marshall F. Sanders* and *Edward E. Fleming,* for Defendants in Error;

*Mitchell D. Price* and *Charles W. Zaring,* as *Amici Curiae.*

BUFORD, J.—In this case a writ of error was sued out to an order of a Circuit Judge approving and confirming the appointment of a Liquidator to take charge of and wind up the affairs of Dade County Security Company, a building and loan association organized and existing under the laws of the State of Florida, which appointment was made by the State Comptroller on the 20th day of February, 1933.

Motion is presented suggesting that the writ of error be quashed because it is not directed to a final judgment in a law action, nor is it provided by statute as a method of review of such order.

In the case of Amos v. Conklin, 99 Fla. 206, 126 Sou. 283, this Court had before it for review on writ of error an order of the Circuit Court confirming the order of the Comptroller freezing the deposits of a State Bank and Trust Company. Motion was made to dismiss writ of error. The grounds for the motion were:

"1. That neither a writ of error nor an appeal lies from the final judgment set out on pages 58 and 60 of the Transcript of Record in this cause because said judgment was entered in a statutory proceeding, which is neither a chancery proceeding nor a proceeding at law, and no provision is made in the statutes of this State for an appeal from the judgment of the lower court in said proceeding.

"2. That if there is any appeal from the judgment of the lower court in this cause it should be an appeal in chancery and not by writ of error, as said proceeding in the lower court was not at common law."

The motion was denied without opinion, but memorandum on the margin of the motion shows that the Court deemed the procedure analogous to that which obtained in the cases of South Florida Lumber & Supply Co. v. Read, 65 Fla. 61, 61 Sou. 125, and Clifton v. Colclough, 54 Fla. 520, 44 Sou. 878. The writer is not entirely satisfied that the analogy of the proceedings obtained to a controlling extent, but the precedent is established by the holding in the case of Amos v. Conklin, *supra*, and certainly the procedure in the instant case should be indentical with the procedure available in that case, so the motion to quash the writ will be denied.

It is contended that the Circuit Court committed error in the making of the order confirming the appointment of a Liquidator, in that the allegations of the petition for confirmation were not sufficient to constitute a lawful basis for such order. The petition contained the following allegations:

"1. That the liabilities, including capital, of the said Dade County Security Company exceed its assets.

"2. That the affairs of the said Dade County Security Company are in an unsound condition.

"3. That the said Dade County Security Company is transacting business without authority of law.

"4. That the order of the Comptroller pertaining to the said Dade County Security Company, dated December 6, 1932, referred to as being recorded in the records of the Circuit Court of the Eleventh Judicial Circuit in and for

Dade County, Florida, in Chancery Order Book 281 at pages 488, 489 and 490, was improvidently issued."

Attached to and made a part of the petition was the report of the Bank Examiner showing:

"That the outstanding capital of Dade County Security Company is $6,667,264.70; that the total of the assets of said Dade County Security Company are carried on the books of said company at $5,278,310.52. However, affiant is reliably informed and believes that the said assets of said Company, other than cash, are of a frozen and unliquid nature and that 962 of the said assets have been recently appraised by three very competent appraisers and their appraisal in conjunction with the book value of the other assets, indicates a value not exceeding $4,124,760.66, and affiant believes that the value of the total assets of said Company, including its cash, does not exceed the sum of $4,000,000.00."

Demurrer to the petition was overruled.

The petition alleges in the language of the statute:

"That the liabilities, including capital, of the said Dade County Security Company, exceed its assets.

"That the affairs of the said Dade County Security Company are in an unsound condition."

See Section 4, Chapter 15605, Acts of 1931.

Now, petitioner here contends that the Legislature did not intend to use the word "including," but intended to use the word "excluding." Petitioner frankly admits at the Bar of this Court that if the language used in this clause is that which was intended to be used, then the Comptroller was within his authority in appointing a Liquidator and the Circuit Judge was within the essential requirements of the law in making and entering the order of confirmation.

We think the statute must be construed as written.

The several statutes clearly indicate that it was never the intent of the Legislature to confine or limit the authority of the Comptroller in the appointment of Receivers or Liquidators to be exercised only in those cases where an institution coming under his official supervision had reached the stage of insolvency. The real purpose of such legislation is to authorize the Comptroller to step in and take charge of certain mismanaged institutions in time to *prevent* insolvency and thereby to protect the stockholders and the public.

Indeed, it appears to us that the provisions of the first paragraph of Section 4 of Chapter 15605, Acts of 1931, instead of being an indication that the word "excluding" was intended to be used in the second paragraph of Section 4 of the Act, were placed in the Act so as to prevent the invoking of the jurisdiction of Courts of Chancery in the affairs of building and loan associations on the ground of insolvency while the applicable provision of the second paragraph of Section 4 of the Act was deliberately included therein so as to authorize the Comptroller to exercise his supervisory and administrative authority in cases where the capital outstanding so far exceeds the assets as to warrant his exercising that power for the protection of the stockholders and the public.

The statute does not make it the duty of the Comptroller to take charge of and appoint a Liquidator for every building and loan association the liabilities of which including its capital stock exceed its assets, but it does authorize him to do so in all cases in which the exercise of sound discretion warrants that course and an abuse of discretion must be shown to overturn his affirmative action in that regard.

The Circuit Judge, after testimony was taken and full hearing on the merits, said:

"It is further the opinion of the Court that as of date the 20th day of February, 1933, the said association was in an unsound condition; that the liabilities, including capital, exceeded the value of all assets of such Association. Therefore, the premises considered, it is ordered and adjudged that the petition of Hon. J. M. Lee, Comptroller of the State of Florida, be and the same is hereby granted and that the act of the said Comptroller in appointing M. A. Smith as and to be the Liquidator of Dade County Security Company, a corporation doing a Building and Loan Association business at Miami, Florida, be and the same is hereby affirmed."

The record amply sustains the finding of the Circuit Judge.

Other questions presented need not be discussed now because the questions already discussed are determinative of the disposition of the cause.

For the reasons stated, the order of the Circuit Court is affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL, J. J., concur.

BROWN, J., disqualified.