LEWIS TWYMAN and A. L. McCARTHY, Co-Partners doing business under the name of TWYMAN & McCARTHY, v. M. A. SMITH, as Liquidator of Dade County Security Company.

161 So. 427.
Opinion Filed May 15, 1935.

*Twyman & McCarthy* and *Robert H. Anderson,* for Plaintiff in Error;

*Loftin, Stokes & Calkins,* for Defendant in Error.

DAVIS, J.—Twyman & McCarthy, attorneys at law, sued defendant in error, the official liquidator of the Dade County Security Company, in an action at law to recover from such liquidator the reasonable value of certain legal services that had been theretofore performed by them, both in the lower courts and in the appellate court, in resisting confirmation of the Comptroller's order of February 20, 1933, taking control of the Dade County Security Company as an alleged insolvent building and loan association, for the purpose of liquidation under the Florida statutes pertaining to liquidation of unsound or insolvent building and loan associations. The proceedings incident to the contest of the Comptroller's action in making the order of February 20, 1933, referred to, will be found reported in detail under the style Liquidation of Dade County Security Company, 112 Fla. 444, 153 Sou. Rep. 505.

From an adverse judgment rendered on demurrer to their declaration, plaintiffs below have prosecuted to this Court this writ of error, upon which the proposition advanced to be decided is whether or not the plaintiff's declaration to which demurrer was sustained, stated a legal cause of action against the defendant liquidator in the court below.

The facts alleged in the declaration may be summarized substantially as follows: that on February 21, 1933, plaintiffs, who were and are duly licensed practicing attorneys

at law in Miami, were employed by the officers and directors of Dade County Security Company, a building and loan association, to make answer to and contest the legality and rightfulness of certain action threatened by the Comptroller against said Dade County Security Company, by then and there appearing to reply to and oppose the State Comptroller's petition to the Circuit Court for judicial confirmation of his order of seizure and liquidation as provided for in Section 19 of Chapter 13576, Acts 1929, Laws of Florida,* construed in connection with Section 4 of Chapter 15605, Acts 1931, which latter Act relates particularly to building and loan associations; that in pursuance of said employment said attorneys at law did appear before the Circuit Court of Dade County and thereafter contested the rightfulness and legality of the action of the Comptroller in summarily seizing the assets, properties and building and loan business of said Dade County Security Company and in attempting to appoint and secure the confirmation of the appointment of defendant as liquidator therefor; that in connection therewith, said attorneys rendered valuable legal services in the Circuit Court and in the appellate courts relating to the

*"* * * Section 4162. COMPTROLLER MAY APPOINT LIQUIDATOR: DUTIES OF LIQUIDATOR: NOTICE TO BANK OFFICERS: CONFIRMING APPOINTMENT. On becoming satisfied, from the reports furnished to him by a State Bank Examiner, or upon other satisfactory evidence thereof, that any * * * banking or trust company, or corporation doing business in this State under the State laws, has become insolvent and is in default, or that the affairs of any trust * * * trust company or corporation doing business in this State, under such State laws, is in an unsound condition, or threatened with insolvency because of illegal or unsafe investments, or that its liabilities exceed its assets, or that it is transacting business without authority of law or in violation of law, * * * the rights, privileges and franchises shall be subject to be forfeited. and the State Comptroller may in his discretion

subject of their employment, all by and with the authority and approval of the officers and directors of said Dade County Security Company which at the time of plaintiff's said employment had not been dissolved as a corporation, nor adjudged to have forfeited its franchise as a building and loan association, although deprived by the Comptroller's action of all of its funds and assets; that the claim of plaintiffs for attorney's fees to compensate them and their associate counsel, Mr. Robert H. Anderson, for their legal services in that behalf rendered, was and is fair and reasonable, and had resulted in an indebtedness to the amount of $15,000.00, lawfully chargeable as an indebtedness incurred against the assets of Dade County Security Company taken over by the Comptroller and his liquidator; that this was so notwithstanding the fact that the judgment of the Circuit Court and of the Supreme Court with respect to the contest of the rightfulness and legality of the Comptroller's action in appointing a liquidator to wind up the affairs of said Dade County Security Company had been unfavorable to the contentions of plaintiffs in consequence of which the object of their employment had proved unsuccessful; that the Comptroller's liquidator by so taking over the entire assets

forthwith designate and appoint a liquidator to take charge of the assets and affairs of such bank, * * *. Such liquidator under the direction and supervision of the Comptroller, shall take possession of the books, records and assets of every description of such bank, * * * trust company. or corporation, and in his name shall sue for and collect all debts, dues and claims belonging to it, and upon the order of a court of competent jurisdiction may sell or compound all bad or doubtful debts, and, on a like order. may sell all the real and personal property of such * * * trust company or corporation, on such terms as the court shall direct; and may, if necessary, to pay the debts of such * * * trust company, or corporation, sue for and enforce the individual liability of the stockholders * * *. The Comptroller, immediately

and business of the Dade County Security Company, had prevented the payment thereout of the fees due to be paid to plaintiffs out of the Dade County Security Company's funds, in consequence of which plaintiff had become entitled to bring suit against and recover from, the defendant liquidator, as successor in liability to Dade County Security Company, a judgment for the fair and reasonable value of plaintiff's services, to be satisfied by the liquidator out of the Dade County Security Company's assets so taken over and remaining in his hands as a liquidating agent of the State of Florida.

At the time the Comptroller took over the assets of the Dade County Security Company, Chapter 15605, Acts of 1921, Laws of Florida, was in force and applicable. Section 4 provides that the Comptroller, on becoming satisfied, from reports furnished to him by an examiner or upon other satisfactory evidence, that certain conditions existed, with respect to any building and loan association in this State, might take over the assets of the association for liquidation and appoint a liquidator therefor. Such liquidation is directed to be conducted in the manner provided by law for the liquidation of State banks. Chapter 13576, Acts of

upon appointing such liquidator, shall serve notice upon the president, or upon any vice-president or cashier, or upon any director or other person having the charge or management of any such * * * trust company, or corporation. informing him or them in such notice of his action in appointing such liquidator, and notifying him or them or it that he would apply on a date therein named, not to exceed ten days from the date of service of such notice, to some Circuit Judge having jurisdiction over the same, for an order confirming his action and the appointment of a liquidator for such banking institution and such * * * trust company, or corporation may, at such hearing contest before such circuit judge the rightfulness and legality of such action of the Comptroller in appointing such liquidator."

1929, Laws of Florida, provides the manner of liquidating State banks.

Section 21 of said Chapter 13576, *supra* (6105 C. G. L., 1934 Supplement) provides in part as follows:

"* * * after full provisions having first been made for the expenses of the liquidating agency, and the payment of liens for taxes and preferred claims, the Comptroller shall make ratable dividend of the money in the hands of the State Treasurer on all such claims as may have been proved to his satisfaction or adjudicated in a court of competent jurisdiction, and as the proceeds of the assets of such bank, banker, banking firm, banking or trust company, or corporation, are paid over to the liquidator, shall make further dividends on all claims previously proved or adjudicated; and *the remainder of the proceeds, if any, after all claims have been paid, shall be paid over to the shareholders, of such bank, banker, banking firm, banking or trust company, or corporation, or their legal representatives in proportion to the stock by them* respectively held, or their interest therein *as appearing.*" (Emphasis supplied.)

It is the opinion of a majority of the Court that a claim for the payment of reasonable attorney's fees necessarily incurred by a building and loan association in litigating the issue of confirmation *vel non* of the appointment of a permanent liquidator to wind up its affairs as an alleged unsound or insolvent building and loan association pursuant to the provisions of the laws of Florida constitutes a lawful "claim" enforceable against the liquidator as successor in liability to the assets, affairs and business of said building and loan association, and that it may be proved to the satisfaction of the Comptroller and voluntarily allowed by him as such, or adjudicated in a court of competent jurisdiction and ordered paid out of the proceeds of the assets of the

defunct institution, as provided for in Section 21 of Chapter 13576, Acts 1929, a portion of which section has been hereinbefore quoted.

The purpose of the judicial confirmation required by Section 19 of Chapter 13576 (Section 4162 R. G. S., as amended, Section 6102 C. G. L., 1934 Supplement)* is to have judicially investigated all potential controversies that could likely arise against the legality of the summary action of the Comptroller in taking charge of the assets and affairs of the bank, trust company, or building and loan association for purposes of liquidation and winding up under the law, and to have brought into court and forever bound by the result of a judicial proceeding in the form of a confirmatory decree, the officers, directors and stockholders as well as creditors of the alleged insolvent or unsound institution, thereby forever quieting as against the parties so bound, the liquidator's title to and right to dispose of the assets of same that he takes over for the purposes of liquidation. Thus the confirmation proceedings are analogous to the bond validation proceedings provided for under the laws of this State and have the same legal effect when lawfully pursued and carried to a judicial decree.

The Comptroller's seizure of a bank, trust company or

---

*Due process of law would obtain without the necessity of preliminary judicial proceedings. Title Guaranty & Surety Co. v. Idaho, 240 U. S. 136, 36 Sup. Ct. 345, 60 L. Ed. 566. But without judicial proceedings the title of the Comptroller and liquidator would always be subject to subsequent judicial attack in the event they had improperly proceeded, hence the necessity for providing that the appointment of a bank liquidator be judicially inquired into and adjudicated at the beginning in order to quiet in advance the Comptroller's title to, and right to sell and convey, the insolvent's assets for purposes of liquidation. in the manner provided by statute.

building and loan association as an unsound or insolvent public institution, it is true, supersedes the power of the officers, directors and stockholders thereof *to continue to carry on the ordinary business thereof,* but its seizure and the appointment of a liquidating agent for it does not amount to a dissolution of the corporation such as will preclude the rendition of a judgment against it. On the contrary, the bank, trust company or building and loan association so taken in charge by the State through its officers, continues to exist as a legal entity, until the final confirmation of its liquidation in the courts, and may still sue and be sued in its corporate name to finally close up its business, and all claims of creditors against it as a defunct corporation may be proved either before the Comptroller or liquidator, or be sued for and regularly established by a suit at law or in equity against the corporation itself. First Nat. Bank of Bethel v. National Pahquioque Bank, 14 Wall. (U. S.) 383, 20 L. Ed. 840; Chemical Nat. Bank v. Hartford Deposit Co., 161 U. S. 1, 16 Sup. Ct. Rep. 439, 40 L. Ed. 595; *Ex Parte* Amos, 94 Fla. 1023, 114 Sou. Rep. 760.

Since the corporate capacity of an alleged unsound or insolvent bank, trust company or building and loan association is not wholly ended by the fact that the State Comptroller, acting under Section 6102 C. G. L., 4162 R. G.S. (1934 Supplement), Section 19 of Chapter 1356, Acts 1929, has seized it and appointed a liquidator to take charge of the assets and affairs of such bank, trust company or building and loan association for purposes of liquidation, it follows that the claim of attorneys at law employed by an alleged unsound or insolvent bank, trust company or building and loan corporation prior to any adjudication of the legality or rightfulness of its forced liquidation, are payable

out of its assets as a debt of the corporation lawfully incurred. This is so, because the effect of the mere taking into possession of the assets and affairs of an alleged unsound or insolvent bank, trust company or building and loan association, is not to abolish, under Section 6102 C. G. L., *supra, in advance of an adjudication of the legality of the Comptroller's act by the courts,* the ordinary and fundamental legal right of such corporation to employ counsel to aid it to resist by legal means all attempts by State officers or others to have it taken charge of and liquidated as unsound or insolvent. Nor does the act of seizure of its assets by the Comptroller deprive such corporation of its inherent right to defend its affairs against judicial sequestration and to that end reasonably obligate itself by incurring legal expenses that are lawfully payable by the liquidator as a corporate debt chargeable against the assets of the liquidated institution.

We hold therefore that when a bank, trust company or building and loan association has its entire funds and assets summarily seized and taken in charge by the Comptroller of the State upon a claim that it is unsound or insolvent in the management of its business or affairs, and it is pursuant thereto summoned into the Circuit Court under Section 6102 C. G. L., *supra,* to answer the Comptroller's petition for confirmation of his appointment of a permanent liquidator to take charge of such assets and affairs for the purpose of winding up, that such alleged unsound or insolvent bank, trust company or building and loan association is not by the mere fact of the Comptroller's authorized statutory act of advance summary non-judicial seizure of all of the corporation's funds and assets on hand, deprived of its normal and fundamental rights as a corporate body to defend itself against the attempt of the Comptroller to

have his official act of summary seizure judicially decreed to be valid and rightful as against any and all further contest thereof by the corporation.

On the contrary, the statutes of the State of Florida relating to, and authorizing, the Comptroller's summary taking charge of the entire assets and affairs of an alleged insolvent or unsound bank, trust company or building and loan association, in advance of the institution of the required statutory judicial inquiry into, and confirmation of, the rightfulness and validity of the Comptroller's appointment of a permanent liquidator to wind up its business and affairs, contemplates that the corporation *qua* a corporate institution shall be summoned into court at the judicial inquiry provided for, there to make and present any and all available objections said corporation and its stockholders as interested and affected parties, may have to the Comptroller's course of action.

The statutes contemplate further that when so hailed into the courts of Florida upon the petition of the State's supervising officer, the corporation's power to be thus sued and to thereupon defend as a corporate body preliminary to an adjudication by the Circuit Court confirming the Comptroller's petition for a winding up of its business and affairs shall remain unaffected by what the State Comptroller has summarily done prior thereto in taking charge of its business, assets and affairs and appointing a liquidator therefor (See Rosenblatt v. Johnson, 104 U. S. 462, 26 L. Ed. 832).

Consequently prior to judicial confirmation of the Comptroller's petition for the final winding up and liquidation of such an alleged unsound or insolvent banking, trust or building and loan institution under the statutes, such institution retains its normal corporate right to defend in court the rightfulness and legality of its pre-existing conduct of

its business and affairs when brought into controversy, and to that end it is authorized as a corporate body to incur reasonable attorney's fees and legal expenses, payable not as a debt of the liquidator, should one be appointed and confirmed, but payable as a lawfully incurred debt of the defunct corporation and disbursable out of its liquidatable assets as such, either when allowed by the Comptroller or adjudicated in legal proceedings against the liquidator as provided for in Section 21 of Chapter 13576, Acts 1929, Section 6105 C. G. L., 1934 Supplement, 4164 R. G. S., as amended.

So the demurrer to plaintiff's declaration was erroneously sustained and the judgment consequent thereon must be reversed with directions to overrule the demurrer and have further proceedings not inconsistent with this opinion.

Reversed with directions.

WHITFIELD, C. J., and ELLIS, TERRELL and BUFORD, J. J., concur.

