**PICKREL, SCHAEFFER & EBELING, A Partnership,
Plaintiff-Appellee, v. MERION, Supt., et, Defendants-
Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 1743.  Decided March 26, 1943.

Pickrel, Schaeffer & Ebeling, Dayton, for plaintiff-appellee.
Thomas J. Herbert, Atty. Genl., Columbus, Herbert D. Mills, Dayton, for defendants-appellants.

## OPINION

By BARNES, P. J.

The above entitled cause is now being determined as an error proceeding by reason of an appeal of the Superintendent of Building and Loan Associations of the State of Ohio from a final judgment of the Court of Common Pleas of Montgomery County, Ohio.

The appeal was erroneously stated as an appeal on questions of law and fact, but subsequent thereto every step taken by Appellants conforms to an appeal on questions of law, and hence we will so consider the case.

The action was unquestionably one at law, and under no circumstances could the appeal be heard de novo.

On July 21, 1942, Plaintiff-Appellee recovered a judgment against the Defendants-Appellants and The Mutual Home and Savings Association in the sum of $9238.35, with interest thereon at 6% per annum from August 15, 1941, payable out of the assets of The Mutual Home and Savings Association of Dayton, Ohio, not as a preferred claim, except having priority over claims of the stockholders.

The following brief summary of facts will render understandable the nature and scope of the controversy:

The Mutual Home and Savings Association, a corporation, was a building and loan association organized under the laws of the State of Ohio, with its place of business at Dayton, Ohio. From on or about January 1, 1938, until June 6, 1939, The Mutual Home and Savings Association was in process of liquidation, pursuant to the provisions of Section 687-21 of the General Code of Ohio, with a Deputy Superintendent of Building and Loan Associations assigned to the association and the Board of Directors of nine members. On June 6, 1939, Charles S. Merion, Superintendent of Building and Loan Associations of Ohio, took possession and charge of the business, assets and affairs of the company under and by virtue of §687-21 GC, claiming that the liquidation was being improperly conducted and that the interests therein were not being properly protected.

On June 7, 1939, the Board of Directors of the association decided to contest the action of the Superintendent, and thereupon employed the plaintiff firm as counsel for and on behalf of the association to resist the action of the Superintendent, and authorized them to proceed with such action on behalf of the association as they should deem advisable in an effort to restore to the association the rights and powers previously enjoyed under §687-21 GC.

This action was pursuant to §687-22 GC, which in substance provided that any building and loan association deeming itself aggrieved by reason of the order of the Superintendent of Building and Loan Associations issued under §687-21 and §687-21a GC, within thirty days after receiving such order might apply to the Common Pleas Court in the county in which the principal office of such building and loan association is located, to set aside such order and enjoin the further enforcement thereof.

This section provides further the procedural steps, finally providing that the court shall determine whether or not the Superintendent in making his order has abused his power and discretion.

The trial in the Common Pleas Court resulted in a finding that the Superintendent of Building and Loan Associations had abused his discretion, and the trial court ordered the administration of the affairs of the association returned to the directors.

On appeal to the Court of Appeals on questions of law and fact, the Appellate Court held that the record failed to disclose an abuse of discretion on the part of the Superintendent

of Building and Loans and dismissed plaintiff's petition.

The trial in the Common Pleas Court consumed some forty-five days, with two of plaintiff's firm being present during the entire trial. Many hours were taken in the preparation of the pre-trial work. An expert accountant was employed to assist in this preparation. The record consisted of approximately 4500 pages of typewritten matter. 250 exhibits were admitted. The brief and reply brief comprise practically 200 pages, typewritten on legal cap. Additional evidence was taken after appeal to the Court of Appeals, consuming five days. Many hours were taken in reading the record and preparing briefs in the latter court. Plaintiff's brief and reply contain over 400 pages.

Plaintiff's present action in the Common Pleas Court sought the recovery of attorney fees incurred in the action against the Superintendent.

The defendant Superintendent filed a general demurrer to the petition, which was briefed and orally argued to Judge Cecil. Thereafter the demurrer was overruled and the defendant Superintendent filed answer. The answer admitted many of the formal allegations of plaintiff's petition, but denied all allegations in any way relating to plaintiff's right to recover, including the amount.

The case came on to be tried before Judge Hodapp, jury being waived.

Plaintiff presented evidence touching on the pertinent questions not admitted in the answer.

The defendant Superintendent interposed no testimony.

The trial court, on request, made separate findings of fact and law. At the conclusion, he found in favor of the Plaintiff against the Defendant for the full amount claimed. Thereafter motion for new trial was filed and overruled, and within due time the necessary steps were taken through which the case was lodged in our Court.

Defendants-Appellants' assignments of error are set out under three separately numbered and stated specifications, as follows:

1. The Common Pleas Court erred in overruling the demurrer of the Defendant and Appellant at the close of the testimony of the Plaintiff.

2. The Court erred in overruling the motion of the Defendant and Appellant at the close of Plaintiff's evidence, for judgment for Defendant.

3. The verdict and judgment of the Common Pleas Court is contrary to law.

Counsel for Defendants-Appellants in their brief make further classification of the claimed errors as follows:

"The only question presented for consideration of the court is: Does the plaintiff have a cause of action against the Superintendent of Building and Loan Associations, in charge of the liquidation of The Mutual Home and Savings Association, or against the assets in the hands of the Superintendent for the purpose of liquidation, by reason of the fact that the former Directors of the Association, acting as liquidators under Section 687-21 of the General Code of Ohio, contracted for such employment after the Superintendent had taken possession of the property and assets of the institution?"

Counsel for Plaintiff-Appellee urge the following as a better statement of the question:

"Does the Plaintiff have a cause of action for attorney fees, expenses and advances rendered to The Mutual Home and Savings Association against the Superintendent of Building and Loan Associations in charge of the liquidation of The Mutual Home and Savings Association, or against the assets in the hands of the Superintendent, or against the Association, by reason of the fact that a duly constituted Board of Directors of the Association, who have been acting as such under the provisions of Section 687-21 of the General Code of Ohio, deeming the Association aggrieved by the action of the Superintendent divesting the Directors from the control of such business and property and taking possession thereof for a complete liquidation, decided on behalf of the Association to contest the action of the Superintendent by court proceedings, pursuant to the statutory right so to do provided by Section 687-22 of the General Code of Ohio, and contracted for the employment of attorneys for the purpose of enjoining the action of the Superintendent?"

Regardless of the form, it is apparent that the question for our determination is wholly one of law as to whether or not under the pleadings, the evidence, the separate findings of fact and law by the trial court, the plaintiff is entitled to recover.

The trial court made specific finding that the plaintiff was duly employed under the Directors of the Association; that

they acted in good faith and in a reasonable belief that their action was in the best interests of the Association, that the charge for the services performed was reasonable, and all other essential facts requisite to recovery under plaintiff's theory of the case.

In determining the legal question, it is necessary to examine the Eikenberry Act and the General Corporation Laws, including their construction.

Within reasonable limits, it would not be practicable to quote all the relevant sections of the Eikenberry Act, but we will merely refer to section number, and in some instances give applicable excerpts therefrom.

The particular section under which the Superintendent acted in his take-over on June 6, 1939, was §687-21 GC. The action of the Board of Directors in contesting the take-over by the Superintendent was authorized under §687-22 GC. Other sections of the act necessary to be examined are 687-1, 687-2, 687-3, 687-6 and 687-11 GC.

The Eikenberry Act was prompted by the depression through which many building and loan associations of the state were insolvent or in danger of insolvency. We are unable to find its counterpart in any legislation in other jurisdictions of the United States, but many legislatures in other states were confronted with the same problem and did enact legislation to meet the general crisis, and in some particulars had similar provisions to that of the Ohio law. The Supreme Court of Ohio has passed upon the constitutionality of a number of sections, but so far as we are advised no question of the unconstitutionality of the sections involved in the present controversy has been pronounced.

Counsel for Defendants-Appellants correctly state that no section of the Eikenberry Act or the General Corporation Law make any provision for payment of attorney fees under the factual situations such as are involved in this case.

Counsel for plaintiff-appellee cite and quote from numerous cases announcing the principle that in receivership proceedings attorneys employed by the corporation to resist such receivership, may recover reasonable attorney fees, even though they are unsuccessful in their defense, provided the action was taken in good faith and upon reasonable grounds.

We find this general principle announced in 89 A. L. R., page 1531:

"It is a general rule that where an application has been

made for the appointment of a receiver for a corporation, attorneys' fees and expenses in resisting such application, if made in good faith and upon reasonable grounds, may become a valid claim against the receiver. Whether such attorneys' fees and expenses are to be allowed rests in the sound discretion of the court, in view of all the facts and circumstances."

Under annotations in support of the above quotation are cited cases from Georgia, Illinois, Indiana, Louisiana, Missouri, New Jersey, New York and Washington.

We are also referred to the case of Twyman v. Smith (Fla., 1935), 161 So., 427.

This case involved a building and loan association and the same was taken over by the State Comptroller under statutes in many respects similar to our own. Under the Florida law, the Comptroller took possession and immediately appointed a Liquidator. Following this action, the Comptroller served notice upon the officers, informing them of his action and advising that on a certain day he would apply to the court for an order confirming his action. Under the Ohio Law (Eikenberry Act) the burden is cast upon the association to make a contest if they so desire. In the Florida case, the association was unsuccessful, but the court allowed attorney fees to attorneys for the association in the sum of $15,000.00.

Another case to which we are referred is that of Watson v. Johnson (Wash., 1933), 24 Pac., (2) 592.

This action also involved a building and loan association. Under the statute of Washington the Director of Efficiency took charge of the affairs of the building and loan association, then gave notice of that fact to the association, giving them twenty days in which to put the affairs in a sound condition, otherwise an application for receivership would be made. Thereafter, in accordance with the statute, he brought an action for the appointment of a receiver for such association. This application was unsuccessfully resisted. Attorney fees were allowed in the sum of $8,000.00. The Supreme Court made the following pronouncement:

"Where an application has been made for the appointment of a receiver for a corporation and its dissolution, expenses of attorneys and costs in resisting such application,

if made in good faith and upon reasonable grounds may become a valid claim against the receiver."

A third case likewise involved a building and loan association, entitled Assets Realization Company v. DeFrees, et al 225 Ill., 508, 80 N. E., 263.

The State Auditor of Public Accounts brought the action for a receiver and a receiver was appointed. This was contested by the Association, including .its Board of Directors, and the appointment of the receiver was upheld. The attorneys were unsuccessful, but the court allowed attorney fees and expenses, to the unsuccessful attorneys.

The following observation by the court is interesting:

"It is urged that after the appointment of a receiver in which the court ruled as part of its orders, that all of the directors, officers and shareholders, their agents and attorneys, were to be restrained and enjoined from in any way transacting or conducting any business of the Association, or doing anything by which its assets might directly or indirectly be affected, the said association and its board of directors were deprived of all power to enter into a contract or employ attorneys. If this be the law, then the appointment of a temporary receiver, under the act referred to, would deprive an association such as this of all power to incur any liability, even for the purpose of testing the legality of the appointment of the receiver. If the Auditor of Public Accounts, under this law, can arbitrarily, without any supervisory power of the courts, appoint a custodian of a building and loan association he could thereby, if he should so desire, deprive such association of the authority to employ counsel for its own defense and protection. The property of such association would then be held by very precarious tenure. The Auditor must necessarily exercise this power, subject to the control of the courts, Any other construction of this statute would render it liable to great abuse."

We are also referred to the case of Anderson v. The Great Republic Life Insurance Co., et al., (Cal., 1940), 160 Pac., (2d) 75.

In this case the Insurance Commissioner instituted liquidation proceedings against the delinquent insurance corporation. The court held that the procedure was controlled by statute. Under Syllabus 4 it was determined in substance

that in the proceedings by the State Insurance Commissioner for conservatorship over a delinquent insurance company, the duties of the Commissioner as conservator are in the nature of those of a receiver or trustee. The court held that attorney fees and expenses in resisting the conservatorship, if made in good faith and upon reasonable grounds, may be recovered.

Counsel for defendants-appellants argue that the cases cited are not applicable for the reason that under the Eikenberry Act the Superintendent of Building and Loan Associations is not a receiver. Technically this is correct, but the duties are similar to those of a receiver. The Supreme Court of Ohio has so held in the case of **Warner v Building and Investment Company 128 Oh St., 43.**

"The Association insists that the proceeding herein is a law proceeding for the dissolution of a corporation and for the appointment of a receiver. We must hold that it is neither, notwithstanding dissolution may result therefrom and notwithstanding that the duties of the Superintendent of Building and Loan Associations under the state are similar to those of a receiver."

Counsel for defendants-appellants further argue with emphasis that counsel fees should not be allowed in the instant case not only on the above stated grounds, but for the further reason that the association was unsuccessful in its attempt to set aside the take-over by the Superintendent.

This argument is answered on the reasoning of the courts in the cases cited.

We are also referred to a Cuyahoga County case, unreported.

Counsel for plaintiff-appellee have favored us with a typewritten copy of the decision, which is appended to its brief. The only factual distinction between the Cuyahoga County case and the instant case was that the Superintendent of Building and Loans took over under the provisions of §687 GC. The procedural steps to be taken by the Superintendent following his take-over are found in §687-1 GC.

Provision is made in §687-2 GC for contesting the action of the Superintendent in taking over the association.

The substance of these sections and the attending pro-

cedure are very similar to those provided under §§687-21 and 687-22 GC.

In the Cuyahoga County case, the association employed three attorneys and these attorneys took the necessary steps to contest the action of the Superintendent. The litigation was prolonged, going to the Court of Appeals on one question, where the decision of the Common Pleas Court was reversed and the cause remanded. When the matter again came up in the Common Pleas Court, there was an agreed entry by reason of the insolvency of the association being then conceded. In other words, the attorneys resisting the action of the Commission in the take-over lost. Thereafter action was instituted for recovery of attorney fees, and the same were allowed.

Another argument presented by counsel for defendants-appellants is based on the claim that the courts have no jurisdiction to allow attorney fees, since the Eikenberry Law makes no provisions for such allowance, either directly or by inference.

We are inclined to the theory that attorney fees under the facts presented in the instant case, may be allowed, as authorized under the provisions of the act conferring authority on the association to contest the take-over of the Commissioner when they feel aggrieved, provided always that their action is taken in good faith and upon reasonable grounds. To hold otherwise would be in effect a denial of the right to contest by an aggrieved party acting in good faith and with reasonable grounds. As the courts have said, the Board of Directors would not desire to personally take on the expense of such litigation and hence a justifiable defense would go by default.

We think that attorney fees when incurred in good faith and in a justifiable cause would be considered administrative expenses the same as rent, light, heat and clerical force.

Finding no error in the finding and judgment of the Common Pleas Court, the same will be affirmed and costs adjudged against the defendants-appellants.

Cause remanded for collection of costs and further proceedings according to law.

HORNBECK and GEIGER, JJ., concur.