The above two suits involve the same question and were consolidated, but separate judgments were entered in each case. The petition in each case is in the name of the Tangipahoa Bank Trust Company in Liquidation represented by George Harpole, Special Agent of W.J. Begnaud, State Bank Commissioner, and as such ex-officio Liquidator of said Tangipahoa Bank Trust Company. The prayer of the petition in each case is for judgment against the defendants in favor of the Tangipahoa Bank Trust Company in Liquidation.
Exceptions of no cause or right of action were sustained by the trial court and the suits dismissed. The plaintiff has appealed.
The contention of the defendants is that the Tangipahoa Bank 
Trust Company in Liquidation has no capacity to sue or stand in judgment; that the effect of placing the Bank in the hands of the State Bank Commissioner for liquidation under Act 300 of 1910 was to dissolve the Bank as a corporate entity thereby depriving it of the right to sue or be sued in its corporate name; that the Bank Commissioner is the proper person to sue in his name as Liquidator of the defunct Bank.
The rule is that where the appointment of a receiver or liquidator of an insolvent corporation has the effect of dissolving the corporation as a legal entity and investing the receiver or liquidator with title to its property and the loss of the charter of the corporation, suits by or against the corporation must be brought by or against the receiver or liquidator in his name and in his official capacity. But where the receivership or liquidation does not destroy the corporate capacity of the corporation, the suit may be brought in the name of the corporation, represented by the receiver or liquidator in his official capacity.
Professor McMahon, in his treatise on Louisiana Practice, Vol. 1, page 161-163, under the heading of "Parties Plaintiff" states that in the liquidation of certain types of corporations under special statutes such as banks, insurance companies, homestead associations, etc., the receiver or liquidator is the proper party to bring suit in his official capacity for the reason that the insolvency of such a corporation and the placing of it in the hands of a receiver or liquidator has the effect of dissolving the corporation and forfeiting its charter. He cites in support of this conclusion the cases of Michel v. Southern Ins. Co.,128 La. 562, 54 So. 1010, Ann.Cas.1912C, 810, and Levy v. Union Indemnity Co., La.App., 146 So. 182, where it was held that the *Page 149 
appointment of a receiver for an insolvent insurance company had the effect of terminating its corporate existence.
The question then is whether or not the appointment of a liquidator for the Tangipahoa Bank Trust Company under Act 300 of 1910 on account of its insolvent condition had the effect of dissolving and terminating the existence of the Bank as a corporation. If it did, then under the rule set forth above the Bank could not appear in court and stand in judgment under its corporate name as it was in the same condition as a dead person.
While the causes and manner of placing insolvent insurance companies in liquidation under Act 105 of 1898 (Sections 8 and 14) are similar to those for taking charge of and liquidating insolvent banks under Act 300 of 1910, yet in some respects there is a difference which affects the question of the dissolution or continuance of the bank as a corporation for the purpose of winding up its affairs. Under Section 1 of the act, the directors of a Bank taken over by the Commissioner on account of its insolvent condition have the right to appoint, with the approval of the Commissioner, one liquidator to assist in the liquidation of the Bank, and his authority is equal to that of the Bank Commissioner. This provision contemplates the existence of the board of directors during the process of liquidation, and this board could have no legal existence outside of the existence of the corporation of which it is a creature. The evident purpose of this provision was to give the stockholders some representation, through its directors, during the course of the liquidation. By Act 75 of 1932 the Bank Commissioner and the liquidator, if any, appointed by the board of directors, are given joint authority to borrow money and pledge the assets of the bank as security. Here we have a clear indication of the authority retained by the board of directors, through its liquidator, to assist in the liquidation. The board must represent, through its liquidator, an existing bank corporation during the process of liquidation.
Under Section 10 of Act 300 of 1910, the Bank Commissioner is required, after payment of all creditors (except the claims of stockholders), to call a meeting of the stockholders and deliver to them all the remaining property, books and records of the corporation. It is provided in Act 153 of 1912 that, when the Bank Commissioner is acting in behalf of any bank as liquidator in a legal proceeding, he shall not be required to give bond. From these provisions, it is clear that the Tangipahoa Bank 
Trust Company retained its corporate existence pending its liquidation and that a suit brought in its name by the Commissioner and Liquidator is proper. Separate decrees will be entered in each case.