In our original opinion we held that the State Bank Commissioner and his special agent as liquidators of the above bank had the right to bring a suit in the name of the bank in liquidation represented by them as liquidators. 15 So.2d 148. In the application for a rehearing our opinion is construed as holding that all suits brought in the name of the Commissioner as liquidator of banks were improperly brought. This is a misconstruction of our holding.
A suit may be brought by the Commissioner either in his own name as statutory liquidator or in the name of the bank in liquidation duly represented by him as liquidator and who is authorized by the statute to collect and distribute the assets of the bank. The party whose interests are affected by such a suit will be fully protected in either case for the reason that the bank as a corporation in liquidation and the liquidator acting in his statutory capacity will be bound by the judgment rendered in the suit brought either in the name of the bank in liquidation or in the name of the liquidator in his statutory capacity as such.
The principle is stated in 9 C.J.S. Banks and Banking, p. 901, § 456, the first sentence of which reads as follows: "Ordinarily an action to collect the assets of a bank taken over by a state official for liquidation may be brought by such official either in his own name or in the name of the bank."
In the case of Twyman et al. v. Smith, 119 Fla. 365,161 So. 427, 429, the Supreme Court of Florida, in interpreting a statute of that state somewhat similar to ours on the same point, construed the statute in the same manner as we did in the original opinion, as will be seen from the following quotation from the cited case:
"The comptroller's seizure of a bank, trust company, or building and loan association as an unsound or insolvent public institution, it is true, supersedes the power of the officers, directors, and stockholders thereof to continue to carry on the ordinary business thereof, but its seizure and the appointment of a liquidating agent for it does not amount to a dissolution of the corporation such as will preclude the rendition of a judgment against it. On the contrary, the bank, trust company, or building and loan association so taken in charge by the state through its officers, continues to exist as a legal entity, until the final confirmation of its liquidation in the courts, and may still sue and be sued in its corporate name to finally close up its business, and all claims of creditors against it as a defunct corporation may be proved either before the comptroller or liquidator, or be sued for and regularly established by a suit at law or in equity against the corporation itself."
We observe further that, as we noted in the original opinion, the statute of this state under which the Bank Commissioner acts in liquidating a bank contemplates the continued existence of the corporation for the purpose of liquidation by authorizing the appointment of a co-liquidator by the directors with equal power to that of the Commissioner, and by giving certain powers to the liquidators with reference to mortgaging and pledging the assets of the bank in the course of the liquidation.
For the reasons assigned, the application for a rehearing in both cases is hereby refused. *Page 617