ELLIS, Judge.
The plaintiff, a partnership, and the individual members thereof have filed this suit against the defendant corporation for $1,024.69 which amount is due for goods, wares, and merchandise delivered to the defendant. The plaintiffs alleged in their petition that the defendant corporation “is in liquidation and its liquidators are L. Abel Bourgeois, and Joseph P. Gerami.” Plaintiffs prayed that the defendant corporation in liquidation be cited through its liquidators and for judgment “against O. K. Wholesalers, Inc., in Liquidation,” for the amount claimed.
Answer was filed in which the liquidation was admitted as well as the amount sued for except the claim to legal interest. The defendants further set up that the liquidators were attempting to reduce all the accounts and other assets to cash in order to pay the creditors of .the defendant corporation their representative portions, as the assets of the corporation “are not sufficient to pay all of the creditors; that to award judgment against the said corporation in liquidation for the full amount due and owing the plaintiff herein would, in effect, make the said creditor a preferred creditor and seriously affect the portion which each creditor would receive from the limited assets.” Defendants further answered that the assets of the corporation did not permit payment to any of the stock holders, common or preferred, and that the full assets of the corporation are to be distributed only among the creditors, and that .the maximum each creditor would receive could not exceed 50% of their claim, and finally answered “that your liquidators have recognized and are carrying as an account against the said corporation in liquidation the claim of J. S. Brown & Son in the amount of $1024.69 as shown in the petition” and, therefore, prayed that the suit be dismissed and that the plaintiff be relegated as a common creditor to share with the other creditors on a pro rata basis all of the remaining assets of the corporation in liquidation.
While we find no formal motion for judgment on the face of the papers, the judgment rendered, read and signed by the *323 lower court states, “This cause came up for trial on motion of defendants for judgment on the face of the papers”, and the district court proceeded to render judgment on the face of the papers in favor of the plaintiffs as prayed for. The plaintiff obtained a fi. fa. and cited as garnishee the First National Bank of Lafayette, Louisiana, where defendant’s liquidators maintained an account of behalf of the defendant corporation, and collected the full amount of .their judgment. Thereafter, the defendants perfected a devolutive appeal to this court and have not filed an exception of no right or cause of action. Where a motion for judgment on the face of the pleadings is filed, the plaintiffs admit all well-pleaded allegations of fact set forth in defendant’s answer. Therefore, the answer raised the same question as the exception of no right of action filed in this court.
There is no attack upon the liquidation proceedings and, therefore, the question presented is whether an ordinary creditor may obtain a judgment against a corporation which is in the process of voluntary liquidation and in charge of two legally qualified liquidators, and seize the funds in the hands of the liquidators to satisfy its judgment.
The law applicable is as follows:
LSA-RS 12:53: “Proceedings for dissolution either voluntary or involuntary
“A. A corporation may be dissolved and liquidated either voluntarily or involuntarily-
“B. If the proceedings are voluntary, they may be conducted either out of court or subject to the supervision of the court.
“C. If the proceedings are involuntary, they shall be subject to the supervision of the court.”
LSA-RS 12 :57: “Liquidation in proceedings out of court, and the authority of liquidator
“A. Except as may be provided otherwise in the resolution or consent of appointment, the liquidator, where the liquidation is to be out of court, shall be vested with full authority:
“(1) To demand, collect, sue for and recover, in the name of the corporation, the debts and property of the corporation, and may be sued in the same manner;
“(2) To compromise, compound and settle, and to grant acquittance for claims of, or against the corporation, upon such terms and conditions as such liquidator shall deem best;
“(3) To sell and convey, either in whole or in part, at public or private sale, the property of the corporation, movable or immovable, on such terms and conditions as such liquidator shall deem best;
“(4) To collect the whole, or so much as may be necessary and just, of any amounts remaining unpaid on subscriptions to shares;
“(5) To carry on temporarily the business of the corporation as a going concern, when it is necessary for the purpose of properly and economically liquidating the affairs of the corporation;
“(6) To pay all debts and liabilities of the corporation according to their respective priorities; and
“(7) In general, to do any and all things which may be necessary, proper, or convenient for the purpose of liquidating the corporation.
“B. Any surplus remaining, after paying off all debts and liabilities of the corporation, shall be paid by the liquidator to the shareholders according to their respective rights and preferences.
“C. In the performance of his duties each liquidator shall be bound to exercise that care and prudence in the custody, possession, control, and disposition of the property and moneys of the corporation coming into his hands, and in the proper accounting therefor and distribution thereof, as by law is imposed upon fiduciaries.
“D. Nothing contained in this Section shall interfere with a compromise, arrangement, or reorganization pursuant to provisions hereinafter contained in this Chapter.”
LSA-RS 12:61: “Time proceedings for dissolution 'take effect
“A. Proceedings for dissolution take effect:
“(1) when the appointment of the liquidator appointed by the shareholders be *324 comes operative as provided in R.S. 12:54 (B), if the affairs of the corporation are to be liquidated out of court;
“2. when the court has appointed, pursuant to R.S. 12:58, a judicial liquidator or a liquidator pendente lite, if the affairs of the corporation are to be liquidated under the supervision of the court, either voluntarily or involuntarily.
“B. When the liquidator has qualified or been appointed, as the case may be:
“(•1) all the rights, powers, and duties of the officers and board of directors except as provided in R.S. 12:62(C) shall be vested in the liquidator appointed by the shareholders or the court, as the case may be, and the authority and duties of the officers and directors of the corporation shall cease, except insofar as may be necessary, in the opinion of the liquidator, to preserve the corporate assets, or insofar as they may be continued by the liquidator, or as may be necessary for the calling of meetings of shareholders.”
The plaintiffs contend that they were given the right to sue and obtain judgment and collect their debt as done in the present case under and by authority of LSA-RS 12:57, supra.
 The purpose of a dissolution and liquidation is to wind up and settle the affairs of the corporation. Upon the appointment of the liquidators of an insolvent corporation, such as defendant, (and we take it under the allegations of defendant’s answer that it is admitted that the defendant corporation is and was insolvent when the liquidators were appointed) the corporation is dissolved as a legal entity and invests the liquidator with title to its property, and suits by or against the corporation must 'be brought by or against the liquidator in his name and in his official capacity. See Tangipahoa Bank & Trust Company v. Guwang, La.App., 15 So.2d 148, followed in 15 So.2d 149, and Tangipahoa Bank & Trust Company v. Arthur, 15 So.2d 150. Rehearing denied 15 So.2d 616.
We also see that a liquidator is vested with authority to pay all debts and liabilities according to their respective priorities and to only temporarily carry on the business of the corporation as a going concern when it is necessary for the purpose of properly and economically liquidating the affairs of the corporation, and also that all the rights, powers and duties of the officers and Board of Directors of the corporation in dissolution and liquidation is vested in the liquidators, and their authority and duties cease except insofar as may be necessary in the opinion of the liquidators to preserve the corporation assets, or insofar as they may be continued by the liquidator or as may be necessary for the calling of meetings of shareholders, and except as provided in LSA-RS 12:65 (6) with which we are not concerned.
It is clear that if plaintiff’s account or the correctness of same had been denied he would have had a right to sue the liquidator in order to have his claim recognized. If a creditor, as in the present case, is to be allowed to obtain a judgment against a corporation in the process of dissolution and liquidation and to seize its funds in payment of this judgment, then the law applicable to the dissolution and liquidation of such a corporation is meaningless. The law prohibits the liquidator from giving a preference to any one debtor over others of equal priority. It appears that defendant-appellant in its brief has summed up and stated the law applicable to this case:
“It will be seen from the provisions of R.S. 12:61B(1) and from the authorities cited above that the corporate function of the corporation in liquidation is suspended during the dissolution proceedings, it follows, therefore, under the general rule that the creditors of the Corporation cannot obtain judgment against the corporation. This rule is well stated in 19 C.J.S., Corporations, § 1735, p. 1501, as follows:
“ ‘Where the commencement of dissolution proceedings does not have the effect of suspending the corporate functions, and an appeal is taken from a decree of forfeiture or dissolution under circumstances which suspend the operation of such decree, the existence of the corporation does not terminate until after affirmance of the decree, and the validity of a judgment against *325 the corporation is not affected by the fact that it was secured after the decree of dissolution was entered, but during the pend-ency of the appeal from that decree, even though the judgment'appealed from is later affirmed. Where, however, the commencement of i'he proceedings has the effect of suspending the corporate functions, and especially if the corporation is insolvent a judgment cannot be rendered against a corporation after proceedings for dissolution commenced.’” (Emphasis added.)
Although there is no allegation or proof that demand was made upon the liquidators for acknowledgement of the indebtedness by them nor of their refusal, in other words, the filing of the suit was a demand and the prayer of defendant for dismissal of the suit was a refusal, and as the liquidators admitted the amount of the claim as being correct, the plaintiff is entitled to a.judgment recognizing this claim against the liquidators.
It is, therefore, that the judgment of the lower court be reversed, set aside and annulled, and judgment be rendered as follows:
It is ordered, adjudged and decreed that there be judgment in favor of J. S. Brown & Son, a partnership domiciled in the City of New Iberia, Iberia Parish, Louisiana, composed of Joseph Simon Brown, Jr. and Mrs. Séptima Fortier Brown, recognizing the said J. S. Brown & Son as ordinary creditors of O. K. Wholesalers, Inc., in Liquidation, for the sum of $1,024.69.
It is further ordered that L. Abel Bourgeois and Joseph P. Gerami, liquidators of the said O. K. Wholesalers, Inc., in Liquidation, be and they are ordered to carry the said J. S. Brown & Son as creditors of the said O. K. Wholesalers, Inc. on their tableau of distribution in the final liquidation of the said O. K. Wholesalers, Inc., and to pay the said J. S. Brown & Son its just proportion of the said amount, costs of the lower court to be paid by the defendants, and costs' of this appeal to be paid by the plaintiff.