THE PEOPLE *ex rel.* JAMES W. SCHACHT, Acting Director of Insurance, Plaintiff-Appellee, v. PRESTIGE CASUALTY COMPANY, Defendant (Holstein, Mack and Klein, Appellant; Illinois Insurance Guaranty Fund, Appellee).

First District (3rd Division)   No. 1—95—3058

Opinion filed March 31, 1997.

Robert A. Holstein and Aron D. Robinson, both of Holstein, Mack & Klein, of Chicago, for appellant.

John B. Simon and Kristina M. Entner, both of Jenner & Block, of Chicago (Peter G. Gallanis and Dale A. Coonrod, of counsel), for appellee James W. Schacht.

R.R. McMahan, Rowe W. Snider, and Ronald M. Lepinskas, all of Lord, Bissell & Brook, of Chicago, for appellee Illinois Insurance Guaranty Fund.

JUSTICE CAHILL delivered the opinion of the court:

We review a constitutional challenge to that part of the Insurance Code (Code) which governs the way assets of an insurance company are distributed after liquidation. Section 205(1) of the Code (215 ILCS 5/205(1) (West 1994)) sets out seven claim categories in the order they are to be paid. They begin with the costs and expenses of administration and descend to the proprietary claims of shareholders or other owners. General creditors are listed fifth and include claims for attorney fees incurred by the company in a liquidation action brought by the Director of Insurance. The trial court found this scheme to be constitutional. We agree and affirm.

The appellant is the law firm of Holstein, Mack and Klein (HMK), counsel for Prestige Casualty Company, an Illinois domestic stock, property and casualty insurance company. Appellees are the Director

of Insurance of the State of Illinois, and the Illinois Insurance Guaranty Fund (IIGF). The Insurance Code directs IIGF to pay "covered claims" of a liquidated insurance company. 215 ILCS 5/532 (West 1994). IIGF was allowed to intervene to oppose HMK's petition.

The petition was filed on the eve of trial in a liquidation action brought against Prestige by the Director. The petition asked for attorney fees earned in preparation for trial and also raised a constitutional challenge to the statutory scheme that relegates attorney fees to a subordinate position. The trial court denied the petition, found the statute constitutional, then entered an order with the appropriate finding of finality under Supreme Court Rule 304(b)(2). 155 Ill. 2d R. 304(b)(2).

We address two issues: the standing of HMK to bring this appeal and the constitutional challenge to section 205(1) of the Insurance Code. We conclude that HMK has standing, but we reject the argument that the statute is unconstitutional.

■ A threshold argument raised by the Director of Insurance maintains that this court should not reach the constitutional issue because HMK lacks standing to assert it. The Director first suggests that HMK represents "investors" in Prestige, not the company. Even if we find HMK represents the company, the Director suggests the company itself lacks standing and so too must HMK.

HMK filed two affidavits in support of the petition. In the first, HMK claimed to represent the investors. In the second, HMK claimed to represent the directors and officers. The Director notes that the record contains no evidence that Prestige adopted a resolution appointing HMK. We believe the record supports HMK's claim that it represents the company. There is no dispute that HMK was authorized by a corporate officer to undertake the defense of Prestige. HMK performed work to that end and filed an appearance on behalf of the company. No officer or director of the company has contested HMK's status as counsel. The trial court, after ruling on the petition, denied HMK's motion to withdraw as counsel for Prestige. The Director does not cite to a case that holds an attorney can only act on behalf of a corporation if he is authorized to do so by resolution.

The Director's second argument is more complex. He asserts that HMK's standing is derivative, and if the company cannot show injury when section 205(1) is enforced, neither can HMK. HMK argues in its constitutional challenge that the statute prevents Prestige from retaining counsel to resist liquidation proceedings. But the Director suggests that HMK's presence in court is the "most compelling evidence that section 205 in no way impaired Prestige's ability to avail itself of counsel." We are not persuaded. To the extent that the

uncertainty of attorney fees narrows Prestige's choice of counsel, injury has been shown. Nor do we know what impact the uncertainty of payment may have on the lawyer's zeal in representing his client. The injury may not reach constitutional dimension, or trump the public policy concerns of section 205(1), but viewed as a standing issue, the injury is real enough to open the courthouse door.

HMK's standing, the right of the lawyer to assert the right of his client, was addressed in *Caplin & Drysdale v. United States*, 491 U.S. 617, 105 L. Ed. 2d 528, 109 S. Ct. 2646 (1989). There, the United States Supreme Court decided whether an attorney had standing to assert the constitutional right of his client to challenge a federal drug forfeiture statute when enforcement against a client imperiled the attorney's fee. The court identified two questions to be answered: Has the attorney suffered an injury in fact concrete enough to satisfy the case-or-controversy requirement under article III of the United States Constitution? Second, are there prudential reasons that favor advancement of the claim? The Supreme Court set out three prudential reasons: the relationship of the litigant to the person whose rights are asserted; the ability of the person to assert his own rights; and the impact of the litigation on third-party interests. The Supreme Court concluded that the attorney met the standing test. *Caplin*, 491 U.S. at 623 n.3, 105 L. Ed. 2d at 540 n.3, 109 S. Ct. at 2651 n.3.

We believe HMK has also met the standing test. Under section 205(1) HMK is fifth in line to be paid. Whether the legislature can ordain that this be so is at the heart of the constitutional challenge to be addressed later, but viewed as a standing question, HMK's injury in fact is clear. HMK claims over $50,000 worth of pretrial work, and there is a possibility that it will not be paid.

The prudential concerns also favor HMK. The Supreme Court in *Caplin* identified the attorney-client relationship as one of "special consequence" in the context of standing. *Caplin*, 491 U.S. at 624 n.3, 105 L. Ed. 2d at 540 n.3, 1095 S. Ct. at 2651 n.3. The two other prudential concerns are satisfied as well: without a lawyer of its choice, Prestige is impaired when contesting the dissolution proceeding and the impact on third-party interests—other claimants, HMK among them—is obvious.

■ We turn to HMK's argument that section 205(1) of the Insurance Code is unconstitutional. The argument proceeds in two parts. Relying heavily on *People ex rel. Schacht v. Main Insurance Co.*, 114 Ill. App. 3d 334, 448 N.E.2d 950 (1983), HMK first asserts that a company facing liquidation proceedings must have the opportunity to contest seizure. *Schacht* stands for the proposition that a corporation

has both the right and the duty to defend itself when its very existence is attacked. Further, a corporation in Illinois may only appear by an attorney. *Schacht*, 114 Ill. App. 3d at 340, citing *Greer v. Ludwick*, 100 Ill. App. 2d 27, 241 N.E.2d 4 (1968). *Schacht* concludes that the State's right to seize the assets of an allegedly insolvent corporation cannot abolish the fundamental legal right of a corporation to employ counsel. *Schacht*, 114 Ill. App. 3d at 340-41, citing *Twyman v. Smith*, 119 Fla. 365, 373, 161 So. 427, 430 (1935).

We agree with the reasoning in *Schacht*. There is a constitutional right of a corporation to retain counsel.

HMK next argues that the 1993 amendment to section 205(1) of the Insurance Code deprives Prestige of the right to counsel by relegating attorney fees to a fifth level of priority with other general creditors. HMK's argument is clear enough: an impediment to a lawyer's fee is an unconstitutional infringement of the right to counsel. Here we part company. That there is an infringement is clear; that the infringement is of constitutional dimension has been rejected by *Caplin.*

The Supreme Court, in upholding a federal forfeiture statute that impeded the ability of the defendant to pay his lawyer, found that a defendant has no greater right to pay his lawyer than to discharge his obligations to others who assert legitimate claims on his property. *Caplin*, 491 U.S. at 628, 105 L. Ed. 2d at 543, 109 S. Ct. at 2653-54.

Like the federal forfeiture statute, one of the objectives of liquidation proceedings under the Insurance Code is to return property, in full if possible, to those who have been deprived of it. *People ex rel. Jones v. Chicago Lloyds*, 391 Ill. 492, 63 N.E.2d 479 (1945), *rev'd on other grounds, sub nom. Morris v. Jones*, 329 U.S. 545, 91 L. Ed. 488, 67 S. Ct. 451 (1947); *Caplin*, 491 U.S. at 629, 105 L. Ed. 2d at 544, 109 S. Ct. at 2654. Prestige, like the defendant in a federal forfeiture proceeding, has no greater "right" to spend money on lawyers than on other purposes. "[T]here is no *** distinction between, or hierarchy among, constitutional rights." *Caplin*, 491 U.S. at 628, 105 L. Ed. 2d at 543, 109 S. Ct. at 2654. Under this analysis a statute that equates a claim for attorney fees with those of other creditors is a legislative announcement that Prestige has the obligation to pay them both but does not have a constitutionally protected right to favor one over the other. Because the right to pay your lawyer first is not constitutionally protected, the state may properly enact a scheme that ranks lawyers with other creditors.

HMK makes one final argument: that a law ranking lawyers with other creditors, in the real world, amounts to an unconstitu-

tional limitation of Prestige's right to counsel. Under this analysis, the uncertainty that attorney fees will be paid unconstitutionally limits the choice of lawyers in the marketplace. The argument is not without its proponents. The argument was made, with some passion, in the *Caplin* dissent (*Caplin*, 491 U.S. at 648-49, 105 L. Ed. 2d at 556-57, 109 S. Ct. at 2674-75 (Blackmun, J., dissenting, joined by Brennan, Marshall, and Stevens, JJ.)) and in the *amicus* brief of the American Bar Association filed in *Caplin*. The Supreme Court also addressed the argument in *United States v. Triplett*, 494 U.S. 715, 722-26, 108 L. Ed. 2d 701, 714-17, 110 S. Ct. 1428, 1432-35 (1990), where there was anecdotal evidence that attorney fee limitations in black lung benefits litigation led to fewer qualified attorneys available for black lung cases. In each case, the constitutional argument was rejected by the Supreme Court.

Affirmed.

THEIS and O'BRIEN, JJ., concur.