THIRD DIVISION
 March 31, 1997












No. 1-95-3058

THE PEOPLE ex rel. JAMES W. SCHACHT,
Acting Director of Insurance,

 Plaintiff-Appellee,

 v.

PRESTIGE CASUALTY COMPANY, 

 Defendant,

(Holstein, Mack and Klein, Appellant; 
Illinois Insurance Guaranty Fund, 
Appellee). )
)
)
)
)
)
)
)
)
)
)
)
)
)Appeal from the
Circuit Court of
Cook County



No. 94 CH 3504




Honorable
Thomas P. Durkin,
Judge Presiding.



 JUSTICE CAHILL delivered the opinion of the court:
 We review a constitutional challenge to that part of the
Insurance Code which governs the way assets of an insurance
company are distributed after liquidation. Section 5/205(1) of
the Code (215 ILCS 5/205(1) (West 1994)) sets out seven claim
categories in the order they are to be paid. They begin with the
costs and expenses of administration and descend to the
proprietary claims of shareholders or other owners. General
creditors are listed fifth, and include claims for attorney fees
incurred by the company in a liquidation action brought by the
Director of Insurance. The trial court found this scheme to be
constitutional. We agree and affirm.
 The petitioner in this appeal is the law firm of Holstein,
Mack and Klein (HMK), counsel for Prestige Casualty Company, an
Illinois domestic stock, property and casualty insurance company. 
Respondents are the Director of Insurance of the State of
Illinois, and the Illinois Insurance Guaranty Fund (IIGF). The
Insurance Code directs IIGF to pay "covered claims" of a
liquidated insurance company. 215 ILCS 5/532 (West 1994). IIGF
was allowed to intervene to oppose HMK's petition. 
 The petition was filed on the eve of trial in a liquidation
action brought against Prestige by the Director. The petition
asked for attorney fees earned in preparation for trial, and also
raised a constitutional challenge to the statutory scheme which
relegates attorney fees to a subordinate position. The trial
court denied the petition, found the statute constitutional, then
entered an order with the appropriate finding of finality under
Supreme Court Rule 304(b)(2). 155 Ill. 2d R. 304(b)(2).
 We address two issues: the standing of HMK to bring this
appeal, and the constitutional challenge to section 5/205(1) of
the Insurance Code. We conclude that HMK has standing, but
reject the argument that the statute is unconstitutional. 
 A threshold argument raised by the Director of Insurance
maintains that this court should not reach the constitutional
issue because HMK lacks standing to assert it. The Director
first suggests that HMK represents "investors" in Prestige, not
the company. Even if we find HMK represents the company, the
Director suggests the company itself lacks standing, and so too
must HMK. 
 HMK filed two affidavits in support of the petition. In the
first HMK claimed to represent the investors. In the second HMK
claimed to represent the directors and officers. The Director
notes that the record contains no evidence that Prestige adopted
a resolution appointing HMK. We believe the record supports
HMK's claim that it represents the company. There is no dispute
that HMK was authorized by a corporate officer to undertake the
defense of Prestige. HMK performed work to that end, and filed
an appearance on behalf of the company. No officer or director
of the company has contested HMK's status as counsel. The trial
court, after ruling on the petition, denied HMK's motion to
withdraw as counsel for Prestige. The Director does not cite to
a case that holds an attorney can only act on behalf of a
corporation if he is authorized to do so by resolution. 
 The Director's second argument is more complex. He asserts
that HMK's standing is derivative, and if the company cannot show
injury when section 5/205(1) is enforced, neither can HMK. HMK
argues in its constitutional challenge that the statute prevents
Prestige from retaining counsel to resist liquidation
proceedings. But the Director suggests that HMK's presence in
court is the "most compelling evidence that section 205 in no way
impaired Prestige's ability to avail itself of counsel." We are
not persuaded. To the extent that the uncertainty of attorney
fees narrows Prestige's choice of counsel, injury has been shown. 
Nor do we know what impact the uncertainty of payment may have on
the lawyer's zeal in representing his client. The injury may not
reach constitutional dimension, or trump the public policy
concerns of section 5/205(1), but viewed as a standing issue, the
injury is real enough to open the courthouse door. 
 HMK's standing, the right of the lawyer to assert the right
of his client, was addressed in Caplin & Drysdale, Chartered v.
United States, 491 U.S. 617, 105 L. Ed. 2d 528, 109 S. Ct. 2667
(1989). There, the United States Supreme Court decided whether
an attorney had standing to assert the constitutional right of
his client to challenge a federal drug forfeiture statute when
enforcement against a client imperils the attorney's fee. The
court identified two questions to be answered: Has the attorney
suffered an injury-in-fact concrete enough to satisfy the case-
or-controversy requirement under Article III of the United States
Constitution? Second, are there prudential reasons that favor
advancement of the claim? The Supreme Court set out three
prudential reasons: the relationship of the litigant to the
person whose rights are asserted; the ability of the person to
assert his own rights; and the impact of the litigation on third-
party interests. The Supreme Court concluded that the attorney
met the standing test. Caplin, 491 U.S. at 623, n.3, 105 L. Ed.
2d 528, 109 S. Ct. 2667.
 We believe HMK has also met the standing test. Under
section 5/205(1) HMK is fifth in line to be paid. Whether the
legislature can ordain that this be so is at the heart of the
constitutional challenge to be addressed later, but viewed as a
standing question, HMK's injury-in-fact is clear. HMK claims
over $50,000 worth of pre-trial work, and there is a possibility
that it will not be paid. 
 The prudential concerns also favor HMK. The Supreme Court
in Caplin identified the attorney-client relationship as one of
"special consequence" in the context of standing. Caplin, 491
U.S. at 624, 105 L. Ed. 2d 528, 1095 S. Ct. 2667. The two other
prudential concerns are satisfied as well: without a lawyer of
its choice, Prestige is impaired when contesting the dissolution
proceeding; and the impact on third party interests--other
claimants, HMK among them--is obvious. 
 We turn to HMK's argument that section 5/205(1) of the
Insurance Code is unconstitutional. The argument proceeds in two
parts. Relying heavily on People ex rel. Schacht v. Main, 114
Ill. App. 3d 334, 448 N.E.2d 950 (1983), HMK first asserts that a
company facing liquidation proceedings must have the opportunity
to contest seizure. Schacht stands for the proposition that a
corporation has both the right and the duty to defend itself when
its very existence is attacked. Further, a corporation in
Illinois may only appear by an attorney. Schacht, 114 Ill. App.
3d at 340, 448 N.E.2d 950, citing Greer v. Ludwick, 100 Ill. App.
2d 27, 241 N.E.2d 4 (1968). Schacht concludes that the State's
right to seize the assets of an allegedly insolvent corporation
cannot abolish the fundamental legal right of a corporation to
employ counsel. Schacht, 114 Ill. App. 3d at 340, 448 N.E.2d
950, citing Twyman v. Smith, 119 Fla. 365, 373 (1935).
 We agree with the reasoning in Schacht. There is a
constitutional right of a corporation to retain counsel.
 HMK next argues that the 1993 amendment to section 5/205(1)
of the Insurance Code deprives Prestige of the right to counsel
by relegating attorney fees to a fifth level of priority with
other general creditors. HMK's argument is clear enough: an
impediment to a lawyer's fee is an unconstitutional infringement
of the right to counsel. Here we part company. That there is an
infringement is clear; that the infringement is of constitutional
dimension has been rejected by Caplin.
 The Supreme Court, in upholding a federal forfeiture statute
that impeded the ability of the defendant to pay his lawyer,
found that a defendant has no greater right to pay his lawyer
than to discharge his obligations to others who assert legitimate
claims on his property. Caplin, 491 U.S. at 628, 105 L. Ed. 2d
528, 109 S. Ct. 2667.
 Like the federal forfeiture statute, one of the objectives
of liquidation proceedings under the Insurance Code is to return
property, in full if possible, to those who have been deprived of
it. People ex rel. Jones v. Chicago Lloyds, 391 Ill. 492, 63
N.E.2d 479 (1945), rev'd on other grounds, 329 U.S. 545, 91 L.
Ed. 2d 488, 67 S. Ct. 451; Caplin, 491 U.S. at 629, 105 L. Ed. 2d
528, 109 S. Ct. 2667. Prestige, like the defendant in a federal
forfeiture proceeding, has no greater "right" to spend money on
lawyers than on other purposes. "There is no distinction or
hierarchy among constitutional rights." Caplin, 491 U.S. at 628,
105 L. Ed. 2d 528, 109 S. Ct. 2667. Under this analysis a
statute that equates a claim for attorney fees with those of
other creditors is a legislative announcement that Prestige has
the obligation to pay them both, but does not have a
constitutionally protected right to favor one over the other. 
Because the right to pay your lawyer first is not
constitutionally protected, the State may properly enact a scheme
that ranks lawyers with other creditors.
 HMK makes one final argument: that a law ranking lawyers
with other creditors, in the real world, amounts to an
unconstitutional limitation of Prestige's right to counsel. 
Under this analysis, the uncertainty that attorney fees will be
paid unconstitutionally limits the choice of lawyers in the
marketplace. The argument is not without its proponents. The
argument was made, with some passion, in the Caplin dissent
(Caplin, 491 U.S. at 648-49, 105 L. Ed. 2d 528, 109 S. Ct. 2667)
and in the amicus brief of the American Bar Association filed in
Caplin. The Supreme Court also addressed the argument in United
States v. Triplett, 494 U.S. 715, 722-26, 108 L. Ed. 2d 01, 110
S. Ct. 1428 (1990), where there was anecdotal evidence that
attorney fee limitations in Black Lung Benefits litigation led to
fewer qualified attorneys available for Black Lung cases. In
each case, the constitutional argument was rejected by the
Supreme Court.
 Affirmed. 
 THEIS and S.M. O'BRIEN, JJ., concur.