Merrimack
No. 2008-440

IN THE MATTER OF THE LIQUIDATION OF THE
HOME INSURANCE COMPANY

Argued: January 14, 2009
Opinion Issued: February 20, 2009

*Nelson, Kinder, Mosseau & Saturley, P.C.*, of Manchester (*William C. Saturley* on the brief and orally) and *Sheiness, Scott, Grossman & Cohn, L.L.P.*, of Houston, Texas (*H. Miles Cohn* on the brief), for the appellant.

*Kelly A. Ayotte*, attorney general (*J. Christopher Marshall*, attorney, on the memorandum of law and orally), and *Rackemann, Sawyer & Brewster P.C.*, of Boston, Massachusetts (*J. David Leslie* and *Eric A. Smith* on the memorandum of law), for the respondent, the Commissioner of Insurance of the State of New Hampshire as Liquidator of the Home Insurance Company.

HICKS, J. The appellant, Sheiness, Scott, Grossman & Cohn, L.L.P. (SSGC), challenges a ruling of the Trial Court (*Conboy*, J.) sustaining the assignment of pre-liquidation legal fees to Class V Residual Classification, RSA 402-C:44, V (2006), for priority of payment under the Insurers Rehabilitation and Liquidation Act, RSA ch. 402-C (2006). We affirm.

The parties do not dispute the relevant facts. SSGC rendered legal services between October 2002 and January 2003 to The Home Insurance Company (Home) in connection with certain asbestos-related litigation. Home subsequently entered receivership upon becoming insolvent. The superior court ordered Home liquidated in June 2003 and appointed the respondent Commissioner of Insurance as liquidator (liquidator) of its estate.

SSGC filed a proof of claim for $74,784.89 for its pre-liquidation legal fees and expenses. The liquidator allowed the claim in full and designated it a Class V residual priority, finding that the "services provided were reasonable and necessary for the defense of Home in the referenced . . . litigation." "[I]t is unlikely that there will be sufficient assets to make distributions to classes beyond Class II." *In the Matter of Liquidation of Home Ins. Co.*, 154 N.H. 472, 477 (2006). SSGC appealed the Class V declaration, asserting that its claim is properly categorized as Class I Administration Costs, RSA 402-C:44, I. Upon review, the court-appointed referee (*Rogers*, R.) affirmed. SSGC moved to recommit. The trial court denied this motion and sustained the referee's finding.

On appeal, the parties dispute whether the pre-liquidation legal services expended in protecting Home's financial interests constitute costs of "administration" as that term is used within RSA 402-C:44, I.

> The interpretation of a statute is a question of law, which we review *de novo*. We are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. We first examine the language of the statute, and, where possible, ascribe the plain and ordinary meanings to the words used. When a statute's language is plain and unambiguous, we need not look

beyond it for further indication of legislative intent, and we will not consider what the legislature might have said or add language that the legislature did not see fit to include.

*In the Matter of Liquidation of Home Ins. Co.*, 154 N.H. at 479 (quotation omitted).

RSA 402-C:44 states that "[t]he order of distribution of claims from the [insolvent] insurer's estate shall be[:]"

I. ADMINISTRATION COSTS. The costs and expenses of administration, including but not limited to the following: the actual and necessary costs of preserving or recovering the assets of the insurer; compensation for all services rendered in the liquidation; any necessary filing fees; the fees and mileage payable to witnesses; and reasonable attorney's fees.

RSA 402-C:44, I.

SSGC first argues that administration costs include legal services rendered prior to the liquidation because the text of RSA 402-C:44, I, distinguishes between "services rendered in the liquidation" and "reasonable attorney's fees." Second, it maintains that "[i]f attorney's fees incurred pre-liquidation were not paid as administration costs, attorneys would have little incentive to do what SSGC did — . . . to perform an enormous amount of work defending an insurer in a period of financial difficulties with the prospect of a liquidation looming."

■ We previously approached the issue presented in this appeal by assuming, without deciding, "that claims and rights to payment that arise pre-liquidation cannot constitute 'administration costs' under RSA 402-C:44, I." *In the Matter of Liquidation of Home Ins. Co.*, 154 N.H. at 484. Commentators have noted that "[a]ttorneys' fees are not ordinarily entitled to a preference," 1 L. R. RUSS & T. F. SEGALLA, COUCH ON INSURANCE 3D § 6:12, at 6-29 (2005), and "expenses for professional services performed before the liquidation is initiated have no priority," 26 E. M. HOLMES, APPLEMAN ON INSURANCE 2D § 165.4, at 118 (2005).

With these principles in mind, we begin our analysis with an abbreviated review of New Hampshire's statutory liquidation scheme. Once an "order to liquidate," RSA 402-C:21, I, issues, "the rights and liabilities of . . . [the insolvent] insurer and . . . its creditors, policyholders, shareholders, members and all other persons interested in its estate are fixed as of the date of filing of the petition for liquidation." RSA 402-C:21, II.

Once the liquidator is appointed and the liquidation is underway, the liquidator must "take possession of the assets of the insurer and . . .

*administer* them under the orders of the court." RSA 402-C:21, I (emphasis added); *cf.* RSA 402-C:16, I (charging rehabilitator with same task in a rehabilitation of an insolvent insurer). This entails notifying creditors of the "liquidation order," RSA 402-C:26, I(a), and taking various actions such as "[d]efray[ing] all expenses of taking possession of, conserving, conducting, liquidating, disposing of or otherwise dealing with the business and property of the insurer," RSA 402-C:25, IV (entitled "Powers of Liquidator"). The liquidator is ultimately required to "reduce the assets to a degree of liquidity that is consistent with the effective *execution* of the liquidation," RSA 402-C:29, II (emphasis added).

■■ From these provisions we conclude that SSGC's pre-liquidation legal services do not fall within the ambit of administration costs, RSA 402-C:44, I. The statutory text draws a clear distinction in time separated by the order to liquidate. RSA 402-C:21, II references an "estate," *cf.* 11 U.S.C.A. § 541 (2004 & Supp. 2008), the assets and liabilities of which are fixed pending action by the court-appointed liquidator. *See* RSA 402-C:21, II; RUSS & SEGALLA, *supra* § 6:8, at 6-18 to -19. "Administer" (and by extension "administration") appears within the statutory scheme only in relation to authorized activities undertaken in furtherance of the liquidation. *See* RSA 402-C:21, I; *In the Matter of Liquidation of Home Ins. Co.*, 154 N.H. at 484-85; *cf.* RSA 402-C:16, I. Accordingly, general litigation services rendered and payable prior to the liquidation do not constitute administration costs. *See* RSA 402-C:44, I; *In re Coronet Ins. Co.*, 698 N.E.2d 598, 603 (Ill. App. Ct. 1998) (stating law firm was a general creditor of insolvent insurance company by virtue of pre-liquidation legal services).

■ SSGC does not advance nor do we discern any principled way to distinguish between the fee for SSGC's pre-liquidation legal representation and the fees of other pre-liquidation professionals falling within the residual classification of RSA 402-C:44, V. *See Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 628 (1989); *People ex rel. Schacht v. Prestige Cas.*, 678 N.E.2d 785, 788 (Ill. App. Ct.), *appeal denied*, 686 N.E.2d 1172 (Ill. 1997). The argument that "reasonable attorney's fees" are separately listed in Class I loses sight of the fact that such expenses only gain Class I priority when they actually constitute "costs and expenses of *administration*," RSA 402-C:44, I (emphasis added). *See Roberts v. General Motors Corp.*, 138 N.H. 532, 538 (1994) (holding that phrase " 'including but not limited to' . . . limits the applicability of [the relevant statute] to those *types* of acts therein particularized" (quotation and brackets omitted)).

Contrary to SSGC's assertion, our reading of "administration" does not render "reasonable attorney's fees" mere surplusage. The various types of

administration costs listed within RSA 402-C:44, I, are illustrative, *see* RSA 402-C:44, I ("including but not limited to"). As such, "reasonable attorney's fees" exemplifies its textual predecessors.

*Affirmed.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.